IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 3:26-cr-00006-HTW-LGI

STEPHEN SPENCER PITTMAN

## RESPONSE IN OPPOSITION OF THE UNITED STATES TO DEFENDANT'S MOTION FOR BOND AND AMENDED MOTION FOR DETENTION

The United States of America respectfully requests the Court to deny defendant's motion for bond because, in the context of detention hearings, arson is considered a crime of violence. The United States will address at the hearing why the 18 U.S.C. § 3142(g) factors weigh in favor of detention. Finally, the United States amends its motion for detention to also assert that detention is appropriate pursuant to 18 U.S.C. § 3142(f)(2). The United States states the following in support of the response and amended motion:

## BACKGROUND

In the early morning hours of Saturday, January 10, 2026, defendant committed arson by setting fire to the building located at 5315 Old Canton Road, Jackson, Mississippi. That building houses both the Beth Israel Congregation and the Goldring/Woldenberg Institute of Southern Jewish Life. Federal authorities placed him under arrest that evening. On Monday, January 12, 2026, a federal criminal complaint was filed against defendant for violating 18 U.S.C. § 844(i), which imposes criminal liability against "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *See* Complaint, Doc. 1. Later on Monday,

January 12, 2026, defendant's initial appearance was held on the criminal complaint, and the United States moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A) on the grounds that arson is considered a crime of violence under that statute. Defendant moved for a five-day continuance pursuant to 18 U.S.C. § 3142(f). The hearing is set for Tuesday, January 20, 2026, at 1:30 p.m. On Tuesday, January 13, 2026, one day after defendant's initial appearance on the criminal complaint, a federal grand jury indicted defendant for violating 18 U.S.C. § 844(i).[1] *See* Indictment, Doc. 8. On Friday, January 16, 2026, defendant filed a motion for bond. *See* Motion for Bond, Doc. 10. In it, defendant argues arson is not a crime of violence and that, even if the Court finds that it is, the factors set forth in 18 U.S.C. § 3142(g) do not support detention. As set forth below, defendant is incorrect on all fronts.

## **LEGAL AUTHORITY – CRIME OF VIOLENCE**

Detention may be sought along a number of grounds, including for a crime of violence. 18 U.S.C. § 3142(f)(1)(A) provides that a judicial officer shall hold a detention hearing "upon motion of the attorney for the Government, in a case that involves—(A) a crime of violence…." A crime of violence is defined in 18 U.S.C. § 3156(a)(4)(A) and (B) as:

(A) An offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

---

[1] The indictment established probable cause and therefore rendered moot defendant's initial request at his initial appearance for a preliminary hearing.

[2] There is a subsection (C), but it is not relevant here.

2

While 18 U.S.C. § 3156(a)(4)(A) is known as the "elements clause," 18 U.S.C. § 3156(a)(4)(B) is known as the "residual clause." *See e.g.*, *United States v. Liccardi*, Criminal No. 3:21-MJ-1152-BK, 2022 WL 260809 at *4 (N.D. Tex. Jan. 25, 2022).

This definition of a crime of violence in 18 U.S.C. § 3156 is found in Chapter 207 of the United States Code, which is the chapter that governs detention. The definition is identical to the definition found in 18 U.S.C. § 16, which is in Chapter 1 of the United States Code and provides the general definition of a crime of violence. Both § 3156(a)(4) and § 16 were passed into law the same day by the United States Congress. *United States v. Marzullo*, 780 F. Supp. 658, 661 (W.D. Mo. 1991) ("Certainly, it is reasonable to conclude that Congress, in choosing to use the same language in enacting 18 U.S.C. § 16 and 18 U.S.C. § 3156 and choosing to enact them as part of the same bill on the same day, intended that both sections would mean the same thing.").

The United States Sentencing Guidelines, § 4B1.2(a)(1) and (2), provide an additional definition for a crime of violence, and define it to include crimes punishable by imprisonment for more than one year that:

(1) Has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) Is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, **arson**, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G., § 4B1.2(a) (bold added). As is facially apparent from the definition in the U.S.S.G. that governs the sentencings of defendants who are found guilty, arson is considered a crime of violence.

## DISCUSSION

Numerous courts have determined arson to be a crime of violence in the context of detention hearings, *See, e.g.*, *United States v. Walker*, Case No. 23-CR-141-JFH, 2023 WL 3197712 (N.D. Okla. May 2, 2023) ("Although the Tenth Circuit has not directly addressed the question, several courts have held that arson is a "crime of violence" under [§ 3156]"); *United States v. Chippewa*, Case No. 21-CR-337-JFH, 2023 WL 1778339 at n. 1 (N.D. Okla. Feb. 6, 2023); *Marzullo*, 780 F.Supp. at 662 & n. 7 (W.D. Mo. 1991); *United States v. Shaker*, 665 F. Supp. 698 at n. 4 (N.D. Ind. 1987); *see also United States v. Mitchell*, 23 F.3d 1 (1 st. Cir. 1994) (conspiracy to commit arson and aiding and abetting arson considered crimes of violence under § 3156(a)(4)). As argued below, the United States submits the Court should follow these courts and find arson is a crime of violence under § 3156.

1. **The Fifth Circuit has not addressed whether the categorical approach applies to detention hearings, but regardless of whether it does, arson is a crime of violence.**

The United States Court of Appeals for the Fifth Circuit has not addressed whether the categorical approach applies to detention hearings. *United States v. Scott*, No. EP-14-CR-PRM, 2014 WL 4403162 (W.D. Tex. July 28, 2014) ("The Fifth Circuit is silent on whether the categorical approach should be used to determine whether a crime constitutes a crime of violence pursuant to the Bail Reform Act…."). At least two district courts within the Fifth Circuit have applied the categorical approach in the detention hearing context. *See id*. at *2; *United States v. Kirkland*, No. CRIM. A. 99-143, 1999 WL 329702 at *2 (E.D. La. May 21, 1999). At least one district court within the Fifth Circuit has declined to apply the categorical approach in the detention hearing context. *See Liccardo*, 2022 WL 260809 at *4 ("the court is not inclined to use either the categorical or modified categorical approach here"). Regardless

4

of whether the categorical approach applies, the result should be the same: arson is a crime of violence for detention purposes.

2. **Arson is considered a crime of violence under the residual clause, and it is constitutional to apply that definition in the context of detention hearings.**

Assuming the categorical approach applies, arson is not a crime of violence under § 3156(a)(4)(A), the elements or force clause, because one can be guilty of arson by burning his or her own property. *See United States v. Mathews*, 37 F.4th 622, 625-26 (9th Cir. 2022) (discussing the elements/force clause in the 18 U.S.C. § 924(c) context); *United States v. Wilder*, 834 Fed.Appx .782, 784 (4th Cir. 2020) (same). **However**, arson is a crime of violence under the residual clause of § 3156(a)(4)(B) because arson involves a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *Marzullo*, the district court reached this conclusion when it found that even though defendant burned his own property, the arson involved a substantial risk that physical force against the person or property of another may have been used:

> It seems beyond question that the application of fire or explosives to a building in an attempt to destroy or damage it is tantamount to applying physical force against that property. Defendants argue that since the building in question was "owned" by Defendant Marzullo it was not "property of another" as required by the statute. Looking to the "nature" of the crime of arson, however, it seems clear that the offense ordinarily carries with it a substantial risk to the "property of another." The usual fact is that arson for profit committed by the "owner" risks more than his or her own property. First, to the degree that lenders or vendors of the "owner" have security interest in the building or its contents, their property must be at risk. Additionally, any items left in the store on a consignment basis amount to "property of another" that is put at risk. Finally, with an arson fire, there is always the risk that it will spread beyond the intended target and involve surrounding property or properties.
>
> It is also the case, that arson routinely involves a substantial risk to the "person of another." As noted above, the risk that the fire will impinge upon other structures may include the spread to occupied structures, putting the "person of another" at risk. There is also the risk that firefighting personnel or investigative

5

> personnel will be injured by physical force while extinguishing the fire or investigating the fire scene. Accordingly, after examination of the statutory language, this Court concludes that arson is a "crime of violence" as defined by 18 U.S.C. § 3156.

*Id*. at 663. The same is true here. There was a substantial risk that defendant's arson could have spread to other structures (a residential neighborhood is behind the facility and a church in the adjoining parking lot). Firefighting and investigative personnel could have been injured. This was, in fact, the property of another, both the building and all of the property within it.

The residual clause is constitutional in the detention hearing context. This was explored by a district court in the Fifth Circuit in *Liccardi*, 2022 WL 260809 at n. 7. The district court in *Liccardi* correctly concluded that while the residual clause had been declared unconstitutionally vague in the context of statutes that define criminal offenses or fix the permissible range of sentences (such as § 924(c), the statute at issue in the cases cited by defendant), the clause is not subject to void-for-vagueness challenges in the detention hearing context because these standards merely guide the exercise of a court's discretion, similar to the Sentencing Guidelines (which, again, define arson as a crime of violence).

**3. Detention is supported by the factors set forth in 18 U.S.C. § 3142(g).**

The United States will present evidence at the hearing that establishes why the factors set forth in § 3142 support detention.

**4. The United States amends its motion for detention to also assert that detention is appropriate pursuant to 18 U.S.C. § 3142(f)(2).**

At defendant's initial appearance, the United States moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A). While the United States still argues that detention is appropriate on that basis, the United States moves to amend its motion for detention to also seek detention pursuant to 18 U.S.C. § 3142(f)(2). The United States is prepared to make a showing at the hearing as to

why detention is warranted under that provision. *See United States v. White*, 2021 WL 2155441 at *11 (M.D. Tenn. May 21, 2021) (Court may make a determination of whether a case involves a factor set forth in § 3142(f)(2) either before the detention hearing or at the detention hearing). Should the Court request that the United States first make a proffer as to why it is entitled to a hearing under that provision before proceeding with a hearing under that provision, the United States is prepared to make such a proffer before eliciting testimony from a witness. *See United States v. Vane*, 117 F.4th 244 (4th Cir. 2024) (government can present evidence by proffer at a detention hearing under the Bail Reform Act3).

ACCORDINGLY, the United States respectfully requests the Court to deny defendant's motion.

> J.E. BAXTER KRUGER
> UNITED STATES ATTORNEY
>
> By: */s/ Matt Allen*
> MATTHEW W. ALLEN (MSB#101605)
> Assistant United States Attorney
> 501 E. Court Street, Suite 4.430
> Jackson, Mississippi 39201
> Phone: 601.965.4480
> Email: matthew.allen2@usdoj.gov

---

3 The United States is not proposing to offer evidence at this hearing by way of proffer, but it is able to make an initial proffer of evidence it expects to elicit through testimony if the Court requests to hear that in advance of a detention hearing under that provision.