IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL NO. 3:26-CR-6-HTW-LGI

STEPHEN SPENCER PITTMAN

**REPLY SUPPORTING MOTION TO DISMISS COUNT TWO**

The defendant, STEPHEN SPENCER PITTMAN, submits this reply supporting his motion to dismiss count two.

1. The certification is procedurally flawed. The government has provided a certification executed by Assistant Attorney General Harmeet K. Dhillon, but it has provided no proof that the Attorney General designated Assistant Attorney General Dhillon as the appropriate official to certify a prosecution under 18 U.S.C. § 247(e).

2. The certification is substantively improper for the reasons described in the motion. The government does not defend the substance of its certification. It argues instead that this Court lacks the power to substantively review it. *See* Response at 4–7. The government cites no cases—and the defense has found one—in which the Fifth Circuit addressed the reviewability of a certification under § 247(e).

The Supreme Court's decision in *De Martinez v. Lamagno*, 515 U.S. 417 (1995), is instructive. There, the Court analyzed whether it could substantively review the Attorney General's certification, under the Westfall Act, that a federal employee was acting within the scope of his office. *Id.* at 420. The Court answered, *yes*. *Id.* In doing so, it "adopt[ed] the reading that accords with traditional understandings and basic principles: that executive determinations

generally are subject to judicial review and that mechanical judgments are not the kind federal courts are set up to render." *Id.* at 434.

In its reasoning, the Court emphasized that the Westfall Act contained no language or legislative history shielding the scope-of-employment determination from judicial review. *Id.* at 432–33. And the Court noted two other considerations that "weigh[ed] heavily" in the analysis: (1) the Attorney General urged review, and (2) "when a Government official's determination of a fact or circumstance—for example, 'scope of employment'—is dispositive of a court controversy, federal courts … traditionally proceed from the 'strong presumption that Congress intends judicial review.'" *Id*. at 424 (quoting *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986)).

This Court should follow *De Martinez* and hold that the certification under § 247(e) is reviewable. Like *De Martinez*, § 247(e) contains no language immunizing the certification from judicial review. The language of the statute does not overcome the basic principle affording judicial review of executive determinations. *De Martinez*, 515 U.S. at 434. The legislative history of § 247(e) likewise favors judicial review. It shows that Congress added the certification requirement at the request of the Justice Department to "ensure appropriate deference to state or local prosecution in most cases." S. REP. NO.100-324, at 6 (1988) (quoting Letter from John Bolton, Assistant Attorney General, to Joseph R. Biden, Jr., U.S. Senator, Nov. 3, 1987). That weighty consideration supports a finding that Congress intended for judicial review of the Attorney General's decision.

True, the Fifth Circuit has held that courts may not substantively review the Attorney General's certification, under 18 U.S.C. § 5032, that a federal prosecution of a juvenile advances a "substantial Federal interest." *United States v. Juv. No. 1*, 118 F.3d 298, 303–07 (5th Cir. 1997).

But the Fifth Circuit's opinion relies heavily on two features of § 5032 that are not present in § 247. First, the Fifth Circuit relied on the fact that § 5032 explicitly authorizes judicial review of the Attorney General's motion to transfer a juvenile for trial as an adult but "contains no provision for judicial review of the Attorney General's certification of a substantial Federal interest." *Juv. No. 1*, 118 F.3d at 304 (quotation marks omitted) (quoting *United States v. Juv. Male No. 1*, 86 F.3d 1314, 1324 (4th Cir. 1996) (Wilkinson, C.J., concurring)). Second, the Fifth Circuit emphasized that § 5032 provides "no standards to guide" judicial review of whether a prosecution is supported by a "substantial federal interest." *Id.* at 305.

These features are absent from § 247(e). First, § 247(e) preserves the general presumption that courts can review the Attorney General's executive action. Unlike the juvenile prosecution statute, § 247 does not explicitly authorize judicial review for some aspects of the Attorney General's decision and implicitly prohibit it for other aspects. Second, the certification in § 247(e) is more amenable to judicial review than the certification in § 5032. Section 247(e) trains the Attorney General's (and court's) focus on whether a federal prosecution is "necessary to secure substantial justice." A federal court can effectively review whether a prosecution meets the certification standard by evaluating the availability of state laws and willingness of state officials to prosecute the defendant.

For the foregoing reasons, Mr. Pittman respectfully asks the Court to dismiss count two.

Respectfully submitted, this the 21st day of September, 2026.

**Omodare B. Jupiter**
Federal Public Defender

*Michael L. Scott*
**Michael L. Scott** (MB # 101320)
Assistant Federal Public Defender
N. and S. Districts of Mississippi
200 S. Lamar St., Suite 200 North

Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email: mike_scott@fd.org

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Michael L. Scott, certify that on September 21, 2026, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

*Michael L. Scott*
**Michael L. Scott**
Attorney for Defendant